IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY MAX CHAMBERS     PLAINTIFF

v.     Case No. 6:18-cv-6091

JASON WATSON, *et al.*     DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 107. Judge Bryant recommends that Plaintiff's Motion to Withdraw Settlement Agreement (ECF No. 101) be denied. Plaintiff, representing himself in this action, has responded with objections. ECF No. 108. The Court finds the matter ripe for consideration.

### I. BACKGROUND

In his amended complaint, pursuant to 42 U.S.C. § 1983, Plaintiff alleged three separate excessive force claims against the Clark County Sheriff and various employees of the Sheriff's Office and the Clark County Detention Facility. After summary judgment motions were filed and ruled on by the Court, the following claims remained for trial: (1) Plaintiff's individual capacity claims against Defendants Jones, Funderburk, Kersey, Love, Samuels, Morrison, and Perry with respect to the night incident set forth in claim one of Plaintiff's amended complaint and (2) an individual capacity claim against Defendant Waldron as set forth in Claim Two of the amended complaint. ECF No. 83.

On November 16, 2020, the parties participated in a settlement conference via Zoom video conferencing. Judge Bryant served as mediator for the settlement conference. Once an agreement

was reached, Judge Bryant informed Plaintiff privately of the precise terms of the settlement agreement. Judge Bryant then clearly stated the terms of the settlement to the parties jointly, and the parties agreed on the terms and conditions. Judge Bryant directed Defendants' counsel to draft the settlement agreement and release and forward them to Plaintiff for review.

The settlement agreement included, but is not limited to, the following terms: (1) a release of all claims that Plaintiff had or may have had against any Defendant or their agents, up to and including the date of the signing of the release; (2) a denial of any guilt or liability; (3) and a confidentiality provision. Judge Bryant states that these agreed upon settlement terms comport with his settlement conference notes, with one exception. The agreement reached at the settlement conference was for release of all Plaintiff's claims against Defendants through the date of the settlement conference, not the date of the execution of the release documents. Plaintiff was informed at the settlement conference that the settlement agreement would settle and resolve all claims he had made in this case up through the date of the settlement conference. According to Judge Bryant, Plaintiff agreed to settle all claims in this case for the sum of $1,650.00 plus the payment of Plaintiff's $350.00 filing fee owed to the Clerk of Court.

When Plaintiff received the settlement agreement from Defendants, he did not sign the agreement. Instead, he filed a Motion to Withdraw Settlement Agreement, stating that he no longer desires to settle out of court and asking the Court to set this case for trial. ECF No. 101. In his motion, Plaintiff states that he will not sign a document that waives liability for something that will be done to him in the future.

### III.  DISCUSSION

From Plaintiff's objections, it appears to the Court that Plaintiff misunderstands the terms of the settlement agreement. Plaintiff believes that the settlement agreement contains a release of

all future claims against Defendants. It does not. The settlement agreement contains a release of all claims against Defendants that Plaintiff had or may have had arising out of or related to the events alleged in Plaintiff's complaint. The release focuses on claims arising from Defendants' past conduct. It is not a release of all future claims against Defendants.

Plaintiff also believes that the settlement agreement makes him liable for all attorney's fees and other expenses in this case. It does not. The agreement states that if Plaintiff has incurred any attorney's fees or other various expenses, including medical bills, these fees and expenses will be paid out of the settlement proceeds. Plaintiff also takes issue with the confidentiality clause because he wants newspaper articles to be published about certain Defendants and their alleged conduct.

Basic principles of contract formation govern the existence and enforcement of settlement agreements. *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006). In Arkansas, "[t]he essential elements of a contract include (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations." *DaimlerChrysler Corp. v. Smelser*, 375 Ark. 216, 218, 289 S.W.3d 466, 470 (2008). The only element that seems to be implicated in the instant case is mutual agreement.

A valid oral settlement agreement is binding and the parties' signature on a written agreement is not essential to finalize the contract. *Church Mut. Ins. Co. v. Copenhaver*, No. 4:09-cv-0487-JMM, 2011 WL 704575, at *1 (E.D. Ark. Feb. 22, 2011) (applying Arkansas law). "Courts will enforce contracts of settlement if they are not in contravention of law." *DaimlerChrysler*, 375 Ark. at 218, 289 S.W.3d at 470. A court should keep in mind two legal principles when deciding whether a valid contract exists: (1) a court cannot make a contract for the parties but can only construe and enforce the contract that they have made; and (2) to make a

contract, there must be a meeting of the minds as to all terms, using objective indicators. *Id.* A party to a valid settlement agreement cannot avoid the agreement simply because the agreement ultimately proves to be disadvantageous or because he later feels that the amount of the settlement is unsatisfactory. *Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir. 1985).

In the instant case, Judge Bryant advised Plaintiff on at least two occasions of the precise terms of the settlement agreement and what the effect of the settlement would be, and Plaintiff indicated that he understood. Judge Bryant states that the terms set out in Defendants' written settlement documents accurately reflect the terms orally agreed to at the settlement conference. Based on Judge Bryant's firsthand knowledge of what was said and agreed to at the settlement conference, the Court is satisfied that the settlement agreement was based on mutual agreement. Accordingly, the Court finds no basis for the Court to allow Plaintiff to withdraw from the settlement agreement.

## IV. CONCLUSION

For the reasons stated above, based on its own *de novo* review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. ECF No. 107. Plaintiff's Motion to Withdraw Settlement Agreement (ECF No. 101) is **DENIED**.

Defendants shall revise the settlement documents to reflect that the release of all claims against Defendants is through the date of the settlement conference. Defendants shall send the revised settlement documents to Plaintiff. Plaintiff is in turn ordered to sign and date the settlement documents and place it back in the mail to Defendants' counsel by **August 25, 2021**. Once Defendants' counsel receives the signed settlement agreement, Defendants are ordered to pay Plaintiff as agreed by the parties. Defendants are also ordered to pay the remainder of any filing fee owed to the Court. If Plaintiff refuses to sign and return the settlement agreement by the date

ordered, Defendants are instead ordered to pay the settlement amount into Plaintiff's inmate account with the Arkansas Division of Correction. Once Defendants have paid the agreed amounts, they are ordered to file a notice of completion of settlement, along with any dismissal motion or stipulation that they deem appropriate.

    **IT IS SO ORDERED**, this 5th day of August, 2021.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            Chief United States District Judge