IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY MAX CHAMBERS                                                                                           PLAINTIFF

v.                                            Civil No. 6:18-cv-06091

JASON WATSON, Sheriff, Clark County,
Arkansas; DERRICK BARNES, Administrator,
Clark County Detention Facility; ROBERT JONES,
Deputy Sheriff, Clark County; OFFICER CHASE KERSEY;
OFFICER K. LOVE, Clark County Detention Facility;
DEPUTY NICK FUNDERBURK; DEPUTY PERRY;
DEPUTYANDREW SAMUELS;
DEPUTY NATE MORRISON; and
TOMMY WALDRON, Amity Police Department                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Alter or Amend Judgment. (ECF No. 110). Defendants have filed a Response in opposition to the Motion. (ECF No. 113). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation. (ECF No. 112).

### I. PROCEDUREAL BACKGROUND

The procedural background relevant to the pending Motion is set out in the Court's Report and Recommendation of December 21, 2020. (ECF No. 83). That background will not be repeated here, except as context for discussion of the pending Motion

On April 8, 2020, the case was referred to the undersigned for a mandatory settlement conference. (ECF No. 84). The settlement conference was held on November 16, 2020, *via* Zoom

1

teleconference. (ECF No. 100). The parties reached a settlement of Plaintiff's claims on the day of the settlement conference. The Plaintiff agreed to settle all claims in this case for the sum of $1,650.00 plus the payment of the $350.00 filing fee owed the Clerk of this Court. The Plaintiff was fully informed the settlement agreement would settle and resolve all claims he had made in this case up through the date of the settlement conference. He was fully informed of the precise terms of the settlement agreement by the undersigned privately, and then again in a joint conference with Defendants' counsel.

Defendants forwarded settlement documents to Plaintiff on or about November 18, 2020. Plaintiff thereafter filed a Motion to Withdraw from the settlement agreement. (ECF No. 101). Defendant responded and presented the Court with copies of the proposed settlement agreement. (ECF No. 106-1). The Motion to Withdraw was referred to the undersigned. (ECF No. 102). The Court determined the settlement agreement comported with the agreement between the parties with one exception. The agreement reached on the day of the settlement conference was for release of all claims of the Plaintiff against the Defendants through the date of the settlement conference, rather than the date of the execution of the release documents. The Court found that Plaintiff was fully informed of the precise terms of the settlement agreement and agreed to the same. The undersigned recommended the settlement agreement be enforced with the exception noted above. On August 5, 2021, the Honorable Susan O. Hickey, adopted the recommendation and ordered the settlement agreement revised as noted above and returned to Plaintiff. (ECF No. 109). If the Plaintiff continued to refuse to sign the settlement agreement, the Defendants were directed to pay the agreed settlement amounts into Plaintiff's inmate account with the Arkansas Division of Correction. *Id*. Once Defendants paid the agreed amounts, they were ordered to file a notice of completion of the settlement agreement. *Id*.

On August 6, 2021, Defendant forwarded revised settlement documents to Plaintiff along with a copy of Judge Hickey's Order. (ECF No. 113, p. 1-2). Plaintiff refused to sign the revised settlement agreement. On August 23, 2021, Plaintiff filed the instant Motion stating: "Plaintiff . . . never agreed to any settlement which included the release of any other claims that Plaintiff has against the Clark County, . . . except the individual capacity claims [against the named defendants] in respect to the night incident that happened on 4-20-21 [sic] . . . Plaintiff . . . states that he has not ever agreed or even implied that the settlement that was agreed to would include relief of any other claims than those which remained for trial." (ECF No. 110).

### III.  DISCUSSION

A district court possesses the inherent power to enforce a settlement agreement in a case pending on the court's docket. *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999). The settlement of cases and controversies is strongly favored by public policy since settlement of cases helps to relieve the court calendar of congestion and speeds the process of justice. *Southern Farm Bureau Life Insurance Company v. Burney*, 590 F. Supp. 106, 1020 (E.D. Ark. 1984). Settlement contracts, absent fraud or a genuine mutual mistake of fact, should be upheld. *Id.* "A settlement agreement is essentially a contract, subject to contractual rules of interpretation and enforcement." *Sheng v. Starkey Labs., Inc.,* 53 F.3d 192, 194 (8th Cir. 1995).

A settlement agreement does not need to be in writing to bind the parties. *See Western Thrift and Loan Corp. v. Rucci,* 812 F.3d 722 (8th Cir. 2016) (citing *Austin Farm Center, Inc. v. Austin Grain Co.,* 418 N.W.2d 181, 184 (Minn. App. 1988)). To constitute a full and enforceable settlement, there must be such a definite offer and acceptance that it can be said there has been a "meeting of the minds" on the material terms of the agreement. *Id.* Only those terms upon which a settlement hinges are considered material terms. Leaving "insubstantial matters for later

3

negotiation…does not vitiate the validity of the agreement reached." *Trnka v. Elanco Products Co.,* 709 F.2d 1223, 1226 n. 2 (8th Cir. 1983)

The revised settlement agreement submitted by Defendants following Judge Hickey's Order of August 5, 2021, contained the following language regarding the claims to be released by Plaintiff:

> Gary Max Chambers, does hereby release, acquit and forever discharge Clark County Arkansas, and the city of Amity, Arkansas, and all past and present agents, servants, officials, and employees, of the above listed entities . . . of and from any and all claims, demands, actions and causes of action which I now have or may hereafter have arising out of or in any way related to any and all liability and damages of each and every kind to date, and of and from any and all liability and damages that have developed or might develop in the future arising out of or in any way related to the arrest and incarceration of Gary Chambers in July, 2017, or about April 2018 and subsequent incarceration at any point up until and including November 16, 2020 (the date of the settlement conference) or as referenced in the matter of *Gary Max Chambers v. Morrison, et al.*, U.S.D.C. No. 6:18-cv-6091 SOH-BAB.

(ECF No. 113-1, p. 9). Plaintiff agreed at the settlement conference to release all claims that were made or could have been made in arising out of the incidents described in his complaint. The above language precisely sets out the claims to be released by the Plaintiff in exchange for the payment of a total of $2,000.00. Plaintiff agreed to waive those claims, no more no less. The revised proposed settlement agreement does exactly that. Instead of signing the settlement agreement, Plaintiff filed the instant Motion. His arguments are not persuasive, and this Motion should be denied.

## IV.  CONCLUSION

For the reasons set forth above, I recommend Plaintiff's Motion to Alter or Amend Judgment (ECF No. 110) be **DENIED.** This case has been settled. The Defendants have complied with the Court's prior Order regarding the settlement and paid the agreed upon sum to Plaintiff.

Defendants have notified the Court as directed. Accordingly, I also recommend this matter be **DISMISSED** with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 7th day of October 2021.**

*/s/ Barry A. Bryant*
　　HON. BARRY A. BRYANT
　　UNITED STATES MAGISTRATE JUDGE