IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY MAX CHAMBERS                                                      PLAINTIFF

v.                                     Case No. 6:18-cv-6091

JASON WATSON, *et al.*                                               DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 114.  Judge Bryant recommends that Plaintiff's Motion to Alter or Amend Judgment (ECF No. 110) be denied. Plaintiff, representing himself in this action, has responded with objections.  ECF No. 116.  The Court finds the matter ripe for consideration.

## I.  BACKGROUND

In his amended complaint, pursuant to 42 U.S.C. § 1983, Plaintiff alleged three separate excessive force claims against the Clark County Sheriff and various employees of the Sheriff's Office and the Clark County Detention Facility.  After summary judgment motions were filed and ruled on by the Court, the following claims remained for trial:  (1) Plaintiff's individual capacity claims against Defendants Jones, Funderburk, Kersey, Love, Samuels, Morrison, and Perry with respect to the night incident set forth in claim one of Plaintiff's amended complaint and (2) an individual capacity claim against Defendant Waldron as set forth in Claim Two of the amended complaint.  ECF No. 83.

On November 16, 2020, the parties participated in a settlement conference via Zoom video conferencing.  Judge Bryant served as mediator for the settlement conference.  Once an agreement

was reached, Judge Bryant informed Plaintiff privately of the precise terms of the settlement agreement.  Judge Bryant then clearly stated the terms of the settlement to the parties jointly, and the parties agreed on the terms and conditions.  Judge Bryant directed Defendants' counsel to draft the settlement agreement and release and forward them to Plaintiff for review.

The settlement agreement included, but is not limited to, the following terms:  (1) a release of all claims that Plaintiff had or may have had against any Defendant or their agents, up to and including the date of the signing of the release; (2) a denial of any guilt or liability; (3) and a confidentiality provision.  In a previous Report and Recommendation, Judge Bryant found that these agreed upon settlement terms comport with his settlement conference notes, with one exception.  ECF 107.  The agreement reached at the settlement conference was for release of all Plaintiff's claims in this case against Defendants through the date of the settlement conference, not the date of the execution of the release documents.  Plaintiff was informed at the settlement conference that the settlement agreement would settle and resolve all claims he had made in this case up through the date of the settlement conference.  According to Judge Bryant, Plaintiff agreed to settle all claims in this case for the sum of $1,650.00 plus the payment of Plaintiff's $350.00 filing fee owed to the Clerk of Court.

When Plaintiff received the settlement agreement from Defendants, he did not sign the agreement.  Instead, he filed a Motion to Withdraw Settlement Agreement, stating that he no longer desired to settle out of court and asked the Court to set this case for trial.  ECF No. 101.  In its Order adopting Judge Bryant's Report and Recommendation regarding Plaintiff's Motion to Withdraw, the Court found that there was no basis to allow Plaintiff to withdraw from the settlement agreement.  ECF No. 109.

The Court ordered Defendants to revise the settlement documents to reflect that the release of all claims in this case against Defendants is through the date of the settlement conference.  ECF No. 109.  The Court further ordered Defendants to send the revised settlement documents to Plaintiff and ordered Plaintiff to sign and date the settlement documents.  ECF No. 109. Defendants did so, and Plaintiff refused to sign the revised settlement agreement.  As ordered by the Court (ECF No. 109), Defendants then paid the agreed settlement amounts, sending the $350.00 filing fee to the Clerk of Court and depositing $1,650.00 into Plaintiff's inmate account with the Arkansas Division of Correction.  Thereafter, Plaintiff filed the instant Motion to Alter or Amend Judgment (ECF No. 110), arguing that he only agreed to release the individual capacity claims against the named Defendants in this case and that he did not agree to release any claims other than the claims that remained for trial in this case.

In the Report and Recommendation (ECF No. 114), Judge Bryant recommends that the Court deny Plaintiff's Motion to Alter or Amend Judgment (ECF No. 110) and dismiss this case with prejudice.

### III. DISCUSSION

The revised settlement agreement includes the following language:

> Gary Max Chambers, does hereby release acquit and forever discharge Clark County, Arkansas, and the City of Amity, Arkansas, and all the past and present agents, servants, officials, and employees, of the above listed entities and individuals, including but not limited to, in all capacities (i.e. both official and individual), of and from any and all claims, demands, actions and causes of action which I now have or may hereafter have arising out of or in any way related to any and all liability and damages of each and every kind to date, and of and from any and all liability and damages that have developed or might develop in the future arising out of or in any way related to the arrest and incarceration of Gary Chambers in July, 2017, or about April 2018 and subsequent incarceration at any point up until and including November 16, 2020 (the date of the settlement conference) or as referenced in the matter of *Gary Max Chambers v. Morrison, et al.*, U.S.D.C. No. 6:18-cv-6091 SOH-BAB.

- 3 -

ECF No. 113-1, p. 9.  The Court interprets this provision to mean that Plaintiff releases all claims made in this case or that could have been made in this case that arose out of the incidents described in the complaint filed in this case.  Plaintiff has agreed to release only these claims.

Plaintiff states in his objections that he did not agree at the settlement conference to release "any other potential suits that involve other potential causes of action, on other dates, or at other times."  ECF No. 116, p. 2.  In the Report and Recommendation, Judge Bryant states that "Plaintiff agreed at the settlement conference to release all claims that were made or could have been made arising out of the incidents described in his complaint."  Plaintiff is correct that he did not agree to release "any other potential [law]suits."  The revised settlement agreement is clear that Plaintiff is releasing only the claims that were made or could have been in this case regarding the incidents occurring in July 2017 and April 2018, which were referenced in his amended complaint.  Thus, the settlement agreement accurately describes the claims that Plaintiff has released.

Plaintiff argues in his objections that, at the settlement conference, he did not agree to waive potential claims against Robert Jones "for punching Plaintiff in the face on the morning of April 20, 2018."  ECF No. 116, pp. 2-3.  However, the Court had already dismissed with prejudice these claims against Robert Jones (ECF No. 83) months before the settlement conference convened on November 16, 2020.  Regardless of whether Plaintiff agreed to release these claims, they have been dismissed with prejudice.  ECF No. 83.

The Court agrees with Judge Bryant's finding that the revised settlement agreement accurately sets out the claims that Plaintiff agreed to release in exchange for a total of $2,000.00.  Thus, the Court finds no basis to alter or amend the revised settlement agreement.

## IV.  CONCLUSION

For the reasons stated above, based on its own *de novo* review, the Court overrules

Plaintiff's objections and adopts the Report and Recommendation *in toto*.   ECF No. 114. Plaintiff's Motion to Alter or Amend Judgment (ECF No. 110) is **DENIED**.   Because this case has been settled and Defendants have complied with the Court's order to pay the agreed upon settlement amount, the Court finds that this case should be and hereby is **DISMISSED WITH PREJUDICE**.

      **IT IS SO ORDERED**, this 15th day of March, 2022.

                           /s/ Susan O. Hickey
                           Susan O. Hickey
                           Chief United States District Judge